United States District Court
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   RICARDO ARANA,                              No. C 11-1972 WHA (PR)

11            Petitioner,                        **ORDER TO SHOW CAUSE;
                                                 GRANTING LEAVE TO PROCEED**
12   v.                                          **IN FORMA PAUPERIS**

13   TIM VIRGA, Warden,

14            Respondent.                        (Docket No. 2)

15

16                                **INTRODUCTION**

17        Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. 2254.  He has applied for leave to proceed in forma pauperis.

19                                 **STATEMENT**

20        In 2006, petitioner was convicted in San Mateo County Superior Court of first-degree

21   murder with special circumstances, attempted murder, the use of a firearm, and shooting into an

22   occupied dwelling.  The trial court sentenced him to a term of life without the possibility of

23   parole plus 45 years in state prison.  The California Court of Appeal affirmed the judgment on

24   appeal, and the California Supreme Court denied a petition for review.  Habeas petitions filed

25   by petitioner in all three levels of the California courts failed.

26                                  **ANALYSIS**

27   A.   **STANDARD OF REVIEW**

28        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1   custody pursuant to the judgment of a State court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

3   *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

4   requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

5   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

6   court must "specify all the grounds for relief which are available to the petitioner ... and shall

7   set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

8   the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

9   sufficient, for the petition is expected to state facts that point to a 'real possibility of

10  constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

11  688, 689 (1st Cir. 1970)).

12  **B.    LEGAL CLAIMS**

13          As grounds for federal habeas relief, petitioner claims (1) the trial court's refusal to

14  instruct on lesser-included offenses violated his right to due process; (2) the trial court violated

15  his right to due process by excluding evidence of the victim's violent character; (3) the trial

16  court violated his right to due process by admitting evidence of gang activity committed after

17  the charged offense; (4) the trial court's failure to instruct the jury sua sponte that accomplice

18  testimony should be viewed with caution was error, and trial counsel's failure to request such an

19  instruction violated petitioner's right to the effective assistance of counsel; (5) the admission of

20  testimony by a police officer that he thought the testimony of an accomplice was true violated

21  petitioner's right to due process, and trial counsel's failure to object to this evidence violated

22  petitioner's right to the effective assistance of counsel; (6) the instructions on attempted murder

23  of a bystander violated his Fifth and Sixth Amendment rights and his right to due process; (7)

24  the cumulative prejudice from the foregoing errors violated petitioner's right to due process; (8)

25  the trial court imposed a sentence enhancement not authorized under California law, in violation

26  of petitioner's right to due process, and defense counsel's failure to object to the sentence

27  enhancement constituted ineffective assistance of counsel; (9) his right to due process was

28  violated because uncorroborated accomplice testimony was the only evidence supporting his

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

1  conviction, and trial counsel's failure to object to the conviction on these grounds violated his

2  right to the effective assistance of counsel; (10) the evidence other than the uncorroborated

3  accomplice testimony was not sufficient to support his conviction, in violation of his right to

4  due process; and (11) petitioner received ineffective assistance of counsel on appeal because

5  appellate counsel failed to raise claims eight, nine and ten, above.

6        Petitioner's remaining three claims, when liberally construed, are cognizable.

7  **CONCLUSION**

8        1.  The clerk shall mail a copy of this order and the petition with all attachments to the

9  respondent and the respondent's attorney, the Attorney General of the State of California.  The

10  clerk shall also serve a copy of this order on the petitioner.

11        2.  Respondent shall file with the court and serve on petitioner, within ninety days of the

12  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

13  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

14  the claims found cognizable herein.  Respondent shall file with the answer and serve on

15  petitioner a copy of all portions of the state trial record that have been transcribed previously

16  and that are relevant to a determination of the issues presented by the petition.

17        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

18  court and serving it on respondent within thirty days of the date the answer is filed.

19        3.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds

20  in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

21  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

22  court and serve on respondent an opposition or statement of non-opposition within thirty days

23  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a

24  reply within fifteen days of the date any opposition is filed.

25        4.  Petitioner is reminded that all communications with the court must be served on

26  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

27  keep the court informed of any change of address and must comply with the court's orders in a

28  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

1  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772

2  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

3       5.  The application for leave to proceed in forma pauperis (docket number 2) is

4  **GRANTED** in light of petitioner's lack of funds.

5       **IT IS SO ORDERED.**

6

7  Dated: April ___29___, 2011.

8                                              WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  G:\PRO-SE\WHA\HC.11\ARANA1972.OSC.wpd

25

26

27

28

**United States District Court**
For the Northern District of California

4